UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JERRY W. LASHUAY, JR., # 176424, ) | |
| Plaintiff, ) | |
| ) | No. 1:15-cv-1109 |
| -v- ) | |
| ) | Honorable Paul L. Maloney |
| JAMES FORNWALT, et al., ) | |
| Defendants. ) | |
| ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## AND
## GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Jerry Lashuay filed this prisoner civil rights lawsuit under 42 U.S.C. § 1983, alleging retaliation in violation of the First Amendment. Specifically, Lashuay asserts he was transferred from one facility to another facility after he filed a grievance. The named defendants, James Fornwalt and James Schiebner, filed a motion for summary judgment. (ECF No. 18.) The magistrate judge issued a report recommending the motion be granted and Lashuay's claims be dismissed. (ECF No. 41.) Lashuay filed objections. (ECF No. 42.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are

frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider").

Lashuay has filed specific objections to a number of the proposed findings of fact and conclusions of law. This Court need not resolve all of the objections. The Court has reviewed de novo the objections identified below. By resolving those matters, the motion for summary judgment may be resolved.

1. Plaintiff was found to be a good candidate for an exchange for the prisoner coming to ICF. (R&R at 10 PageID.322.)

Defendants make this argument to support their assertion that they would have transferred Lashuay even if he had not filed a grievance. If true, this fact would undermine the causal element necessary for Lashuay's retaliation claim. (*See* ECF No. 41 R&R at 19-20 PageID.331-32.)

Lashuay objects. (ECF No. 42 at 5-6 PageID.343-44.) Lashuay asserts that, as a Prisoner Observation Aide (POA), he should not have been subject to an institutional transfer, absent a prisoner request, a change in his security classification, or a disciplinary concern. As evidence of this fact, Lashuay relies entirely on statements made in his complaint and in affidavits or declarations made by other prisoners. Assuming, for the sake of argument only, that these statements are made under penalty of perjury and may be considered by the Court as evidence, all of the statements are hearsay and none of the statements would be admissible at trial.[1] In his complaint, Lashuay asserts that he heard

---
[1] The magistrate judge explained why the complaint failed to use the required language for verification. The magistrate judge identifies this hearsay concern on page 8 note 3 of the R&R. (ECF

Resident Unit Manager Gilke (Paragraph 35 PageID.12–13) and Regular Unit Officer Stine (Paragraph 36 PageID.13) both state that POA workers would not be transferred for routine purposes. In Exhibit 22 (ECF No. 26-1 PageID.277), prisoner Paul Blanton states that Gilke and C/O Greene both told him that POAs are essentially on hold for transfers unless there were disciplinary concerns or personal requests. Blanton also says this no-transfer policy is common knowledge. Finally, in Exhibit 23 (ECF No. 37-1 PageID.305), prisoner John Wolfenbarger states that he read a memorandum authored by Resident Unit Manager Smith in which it stated that POAs were not supposed to be transferred unless there were disciplinary reasons. Wolfenbarger also states that, after Lashuay was transferred, on behalf of POAs, he spoke with RUM Smith and Fornwalt, who both stated that generally POAs were not supposed to be transferred, but that Lashuay had upset someone by writing grievances. (*Id.*)

Lashuay relies on hearsay testimony. Laushuay relies on these statements to prove the existence of a no-transfer policy for POAs. In each chase, the declarant of the statement about the policy is not the individual providing the testimony to this Court. Lashuay has not established that the statements might fall under an exception to the hearsay rule. The Court cannot consider hearsay evidence on a motion for summary judgment. *Carter v. Univ. of Toledo*, 349 F.3d 269, 274 (6th Cir. 2003).

Lashuay's objection is overruled. He does not have admissible evidence to undermine Defendants' factual assertion that Lashuay was a good candidate for the transfer.

---

No. 41 PageID.320.) Lashuay responds to the footnote on page 4 of his objection. (ECF No. 42 PageID.342.)

2. Fornwalt was not aware of the grievance filed by Lashuay. (R&R at 10 PageID.322.)

In their motion, Defendants argue that Fornwalt was not aware that Lashuay had filed a grievance naming Fornwalt. If true, this fact would undermine the causation element necessary for Lashuay's retaliation claim.

Lashuay objects. (ECF No. 42 at 6 PageID.344.) Lashuay contends he has presented evidence showing that Fornwalt was aware that a grievance was "forthcoming." In his complaint, Lashuay alleged that at the hearing he "stated his intention to challenge [Fornwalt's] hearing decision." (ECF No. 1 Compl. ¶ 50 PageID.16.) Lashuay has also submitted a declaration from a prisoner, Josh Puckett. (ECF No. 16-3 PageID.163.) Puckett claims to have overheard the hearing. Puckett interpreted Fornwalt's response to Lashuay "to mean that if Lashuay were to file a grievance against Fornwalt, that Fornwalt would transfer him to another facility." (*Id.*) The exchange allegedly occurred on April 9, 2015. The grievance was allegedly filed on April 14, 2015. Fornwalt completed his portion of the transfer form on April 22, 2015. Assuming, for the sake of argument only, that the complaint and Puckett's declaration could be considered as evidence, neither establish that Fornwalt knew Lashuay filed a grievance. Both Lashuay and Puckett are explaining an exchange that occurred *before* the grievance was allegedly filed. Evidence of awareness that Lashuay intended to file a grievance is not the same as evidence of knowledge that a grievance was filed.

3. Eleventh Amendment Immunity.

The magistrate judge recommends dismissing the official capacity claims for monetary damages brought against Defendants.

Lashuay objects, explaining that he has brought a damages claim against Defendants in their individual capacities.

Lashuay's objection is overruled. To the extent Lashuay has requested damages against Defendants in their official capacities, those damage requests are dismissed.

4. Adverse Action

The magistrate judge recommends finding that the transfer was not an adverse action for the purpose of Lashuay's retaliation claim. Lashuay objects.

Lashuay's objection is overruled. The Sixth Circuit authority cited on pages 15 and 16 of the R&R (PageID.327–28) compels this Court to find that a transfer within the prison system to a different facility of the same security level is not an adverse action. Lashuay has not alleged facts to show the "something more" that is necessary to make a transfer an adverse action.

5. Causation.

The magistrate judge recommends finding that Lashuay has not established the causation element for his retaliation claim. Lashuay objects.

Lashuay's objection is overruled. Both Defendants have provided evidence that they would have taken the same action even if Lashuay had not filed a grievance. Resolving the factual findings discussed above against Lashuay necessarily results in the legal conclusion that Lashuay has not established the causal connection element of his claim.

6. Mootness

The magistrate judge recommends dismissing both the requests for injunctive relief and the requests for declaratory relief as moot. The magistrate judge reasons that the transfer renders these prayers for relief moot.

Lashuay objects to the dismissal of his prayer for declaratory relief. He reasons that his request for a declaration that his rights were violated is not moot.

Lashuay's objection is overruled. Having concluded that Lashuay's retaliation claim must be dismissed, his prayer for declaratory relief is moot.

For these reasons, the Report and Recommendation (ECF No. 41) is **ADOPTED** as the Opinion of this Court. And, Defendants' motion for summary judgment (ECF No. 18) is **GRANTED. IT IS SO ORDERED.**

Date:  September 20, 2017           /s/ Paul L. Maloney
                                    Paul L. Maloney
                                    United States District Judge